IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IRENE HAIRSTON, et al        )
                             )
            Plaintiffs,      )
                             )
v.                           )    1:06CV00102
                             )
WILLIAM WALKER, et al.,      )
                             )
            Defendant.       )
_____)

MEMORANDUM OPINION

TILLEY, District Judge

This matter is currently before the Court on a Motion to Dismiss filed by Defendants William Walker, Brent Stevens, and Craig, Brawley, Lupfert & Walker, Stevens, L.L.P. (collectively "Defendants") [Doc. # 22]. The record does not reflect that Defendants have been served with summonses in this matter. However, they have made a limited appearance solely for the purpose of seeking dismissal of the Complaint pursuant to Rules 4(m), 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.

I.

The Complaint in this action was initially filed in the Middle District of Louisiana and was transferred to this Court because the Louisiana court was an improper venue. [Doc. # 8]. The Plaintiffs are represented by one of the Plaintiffs, Peggy M. H. Robinson, who is an attorney licensed to practice in Louisiana. Ms.

Robinson was notified by this Court on January 31, 2006 that she would need to retain local counsel pursuant to Rule 83.1 of the Local Rules of Practice. On September 7, 2006, Ms. Robinson filed a Motion for Appointment of Counsel, which the Court denied in a Memorandum Order dated January 22, 2006. To date, more than 18 months after Plaintiffs were instructed to retain local counsel, Plaintiffs have yet to retain a member of the bar of this Court to appear in this matter on their behalf. Instead, Ms. Robinson recently filed a Motion in Opposition to the January 22 Memorandum Order and seeks reconsideration of the Order denying the Motion to Appoint Counsel. [Doc. # 21]. For the reasons set forth below, the Motion to Reconsider [ Doc. # 21] is DENIED as MOOT.

II.

Although the factual allegations in the Complaint are somewhat confusing, it appears that this case arises from a familial dispute over certain real property. Plaintiff Irene Hairston, who has passed away since the filing of this action, owned real property in Forsyth County, North Carolina. At some point, Ms. Hairston executed a deed transferring the real property to two of her daughters – Plaintiffs Peggy M. H. Robinson and Deloris A. McKnight. Ms. Robinson and Ms. McKnight assert that this transfer was made for the purpose of recognizing that they "had continuously helped [Ms. Hairston] financially and otherwise for greater than 50 and 35 years, respectively."

Ms. Hairston's other daughters – who are identified in the Complaint only as

2

Barbara and Josephine and who the Plaintiffs assert "would not assist [Ms. Hairston] financially nor make a commitment to provide for her subsistence" – apparently retained services of defendants as attorneys to challenge the propriety of the property transfer.  It appears that the Superior Court of Forsyth County entered judgment declaring the alleged transfer null and void.

As causes of action here, the Plaintiffs assert that their due process rights were violated by the Superior Court judgment.  In addition, the Complaint alleges that the individual defendant attorneys and the defendant law firm committed malpractice by failing to investigate and determine that Barbara and Josephine's "actions were motivated by selfish, self-serving motives, and perpetuated by gross misrepresentations, deceit, dishonesty, false swearing, ill practices, conspiracy, and fraudulent activities."  Plaintiffs also assert that they have suffered emotional distress as a result of the Superior Court action and judgment. In essence, Plaintiffs are challenging the propriety of the judgment entered by the North Carolina Superior Court in Forsyth County.

Congress has vested only the United States Supreme Court with jurisdiction to review state court decisions.  28 U.S.C. § 1257.  As a corollary to this statute, the Supreme Court has developed the Rooker-Feldman doctrine, which deprives federal district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review

3

and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). As the Fourth Circuit has explained, "Exxon requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani v. Va. Dept. of Transp., 434 F.3d 712, 718-19 (4th Cir. 2006).

Each of the causes of action asserted in Plaintiffs' Complaint seek redress for an injury allegedly caused by the judgment of the Superior Court declaring the alleged property transfer from Ms. Hairston to Ms. Robinson and Ms. McKnight null and void. As such, this Court does not have jurisdiction to consider Plaintiffs' claims under the Rooker-Feldman doctrine. See Salvetti v. Georgia Bar Ass'n, slip copy, 2007 WL 433390, at *2 (M.D.N.C. Feb. 6, 2007) (dismissing case under Rooker-Feldman doctrine where complaint sought review and relief from state court custody judgment) Moore v. Idealease of Wilmington, 465 F.Supp. 2d 484, 490 (E.D.N.C. 2006) (applying Rooker-Feldman doctrine where the plaintiff did "not allege an injury independent of the state-court action"); McRae v. Evans, slip copy, 2006 WL 3327639, at #3 (D.S.C. Nov. 15, 2006) (applying the Rooker-Feldman doctrine where the plaintiff was attempting to appeal a state court decision to the district court).

III.

For the reasons stated above, this case is DISMISSED. The Motion for

4

Reconsideration of the Motion to Appoint Counsel is DENIED as MOOT.

This the day of July 19, 2007

                                                              <u>/s/ N. Carlton Tilley, Jr.</u>
                                                              United States District Judge